## Compton *v.* Williamsport Iron & Nail Company, Appellant.

*Negligence—Master and servant—Safe place to work—Assumption of risk—Case for jury.*

Where, in an action to recover damages from plaintiff's employer for personal injuries sustained by plaintiff while at work, it appeared that plaintiff was required to mount machinery to shove certain timbers in place, that he should have been given a plank to stand upon, but that the foreman told him he could find none and the plaintiff would have to do the best he could; that an artificial light was generally kept in the room, but that on the morning of the accident, it was not burning; and that plaintiff slipped from his position while endeavoring to shove the timbers in place whereby the injuries complained of were caused, the case was for the jury and a verdict and judgment for plaintiff were sustained.

Argued Feb. 19, 1918. Appeal, No. 33, Jan. T., 1918, by defendant, from judgment of C. P. Lycoming Co., Dec. T., 1916, No. 276, on verdict for plaintiff, in case of James S. Compton v. Williamsport Iron & Nail Co., a Corporation incorporated under the laws of the State of Pennsylvania. Before BROWN, C. J., POTTER, STEWART, FRAZER and WALLING, JJ. Affirmed.

Trespass to recover damages for personal injuries.

WHITEHEAD, P. J., filed the following opinion sur defendant's motion for judgment n. o. v.

The plaintiff in this case had been employed as a puddler by the defendant for some years prior to the accident for which damages are claimed.

For some time prior to October 26, 1915, the puddling department of the defendant company was not running, and the plaintiff, with others, was working at various kinds of work around the mill, and on October 26, 1915, was engaged in making repairs preparatory to starting the puddling department.

On the morning of October 26, 1915, the plaintiff and two other persons, one of whom was the foreman of the defendant, were about to raise some heavy rolls in the puddling department, and in order to raise the rolls it was necessary to place two heavy timbers upon beams, which beams were from eighteen to twenty feet above the rolls, and the foreman ordered plaintiff to go up to where said timbers were and to shove the ends back.

In order to reach the timbers plaintiff ascended a ladder to the roof of the engine room, which roof was about eight feet above the puddling floor. From this roof plaintiff was compelled to climb a post to a plate or beam, which plate or beam was about eight feet above the roof of the engine room.

In attempting to go from this plate or beam to where the timbers were, he stepped on another beam with one foot and on a pipe with the other foot, and from some cause fell and was injured. The beam and pipe from which plaintiff fell were about sixteen feet and six inches above the floor of the puddling room.

At the time of the accident plaintiff was endeavoring to reach a plank which a few days before he had placed some few feet from where the accident happened, and which plank he wanted to use in moving the timber.

Plaintiff testified that if a plank would have been secured by defendant and placed upon the beams where he was required to go in order to do as ordered, the work required could have been safely done, but that the fore-

man said "he could find no plank and the plaintiff would have to do the best he could."

The plaintiff further testified that when it was light he was quite familiar with the place, but that he had never been there before when it was dark.

The foreman testified that he ordered the plaintiff to go up and move the timber and that the plaintiff had to obey that order. He also testified that plaintiff had to go over the engine room roof to get to this place where the timbers were and that the footing was not very good where the timbers were, and that the place was not too light at any time.

Other witnesses testified that an artificial light had always been used at the place where the accident happened, but that it was out of commission on that morning and was not burning.

The engineer for defendant testified that a light was intended for that place and that a light was always there, but that the dynamo was out of commission on that morning and therefore the light was not burning.

Upon the part of the defendant, Mr. Daubert testified that on the morning of the accident the light was out of commission.

Mr. W. D. Jenkins, superintendent for defendant, testified that he gave orders to Mr. Oehrli (the foreman) to do the work in which plaintiff was engaged at the time of the accident.

This testimony raises two questions, namely:

(a) Did the defendant fail and neglect to furnish the plaintiff with reasonably safe means to reach the place to which he was ordered by defendant to go, and if so was such failure and neglect the cause of the accident?

(b) Did the defendant fail to furnish sufficient light to enable the plaintiff to reach the place to which he was ordered to go, and if not was such failure the cause of the accident?

Both of these questions were for the jury under the evidence.

Mr. Oehrli, the foreman, testified that he had been at the place of the accident different times, observed the conditions, and if a man exercised ordinary care he could go in and out there without injury, but that the footing was not very good. He also testified that he had ordered plaintiff to go to the place, which plaintiff was trying to reach at the time of the accident, and that plaintiff was expected to obey such order.

If the footing was not very good it was the duty of the foreman to call the attention of the plaintiff to this fact before he ordered him to go over the place. Or if the footing was unsafe then the plaintiff should not have been ordered to go there until a reasonably safe footing was provided.

When the question of whether or not the employer furnished reasonably safe means to his employee to reach a place to which the said employee has been ordered to go is to be determined, such question must be submitted to the jury, unless the testimony is so clear and precise that but one inference could be drawn, which is not the fact in this case.

Prior to the morning of the accident an artificial light had been kept burning at the place of the accident, but on the morning of the accident the light, because the motor was out of commission, was not burning.

There is no evidence showing that defendant could not have secured some other light to light up the place during the time plaintiff was doing what he was ordered to do. The fact that defendant kept an artificial light burning at this place is some evidence that defendant considered such a light necessary for the safety of its employees; at least such inference might be drawn from such facts.

Under all the evidence the court was compelled to submit this case to the jury, and as the only motion is for judgment n. o. v. the motion should be overruled.

Verdict for plaintiff for $2,583.00 and judgment thereon. Defendant appealed.

*Errors assigned,* among others, were in refusing to direct a verdict for defendant and in refusing to enter judgment for defendant n. o. v.

*C. E. Sprout,* with him *Candor & Munson,* for appellant.

*Don M. Larrabee,* with him *N. M. Edwards,* for appellee.

PER CURIAM, March 18, 1918:

That this case was for the jury satisfactorily appears from the opinion of the learned president judge of the court below overruling defendant's motion for judgment n. o. v.

Judgment affirmed.